Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edward A. Bobrick | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1559 | **DATE** | 12/15/2000 |
| **CASE TITLE** | Thomas Russell, Jr. vs. Kenneth S. Apfel | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Plaintiff Thomas Russel's motion for an award of attorney's fees under the Equal Access to Justice Act 28 U.S.C. § 2412 ("EAJA") is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 3 number of notices | Document Number |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | DEC 18 2000 date docketed | 91 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | FILED FOR DOCKET | docketing deputy initials |
| | Copy to judge/magistrate judge. | 00 DEC 15 PM 4:22 | 12/15/2000 date mailed notice |
| TH ✓ | courtroom deputy's initials | Date/time received in central Clerk's Office | TH mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THOMAS RUSSELL, JR., | ) |
| Plaintiff, | ) |
| vs. | ) No. 00 C 1559 |
| KENNETH S. APFEL, Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Before the court is the motion of plaintiff Thomas Russell for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. ("EAJA").

Plaintiff in this case asks for an award of fees and costs in the amount of $4,125.00. The EAJA provides that the court "shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(a)(A). In the instant case, the only issue is whether the commissioner's position was substantially justified.

The government bears the burden of showing that its position was substantially justified. *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1079 (7th Cir.2000).



The government can lose and still be found to have propounded a position which is substantially justified. *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir.1994).

In making a substantial justification determination, a district court should consider both the government's prelitigation conduct, that is, the actions or inactions giving rise to the instant litigation, as well as the government's conduct relative to the instant litigation. *Hallmark Constr.*, 200 F.3d at 1080. Thus, EAJA fees may be awarded where the government's prelitigation conduct was not substantially justified despite a substantially justified litigation position. *Marcus v. Shalala*, 17 F.3d 1033, 1037 (7th Cir. 1994). By the same token, EAJA fees may be denied even when the government's litigation position was not substantially justified, provided the litigation position was offset by substantially justified prelitigation conduct. *Id.*

Here, the commissioner ignores his prelitigation position and, instead, seeks to prove his litigation position was substantially justified. The court, however, will review the commissioner's prelitigation position. Plaintiff filed his application for WIB on September 29, 1992, and on November 10, 1992, was notified that, while his application was approved, his benefits had to be withheld due to his estimated earnings of $30,000 for 1992. In June of 1994, he received a notice indicating he was already receiving "widow[sic] benefits" and that he had been paid correctly for 1993, despite the fact that he had never received any payment. Having received no benefits, plaintiff then tried to

determine the meaning of the notice over the phone and was told he had been awarded $253 per month.

Still confused, and justifiably so, he contacted the agency in writing. On September 2, 1994, plaintiff received a Reconsideration Determination mentioning for the first time in plaintiff's application process that he was not entitled to receive WIB because they were offset by his government pension. On September 7, 1994, plaintiff requested an administrative hearing, and, over a year later, on November 20, 1995, appeared before an Administrative Law Judge ("ALJ"). At that time, however, the ALJ decided that the Social Security Agency had never made an appropriate reconsideration of plaintiff's claim and canceled the hearing.

Plaintiff's request for a hearing was deemed a timely request for reconsideration. His application was now more than four years old, but, he heard nothing from the agency for nearly a year and, on November 4, 1996, filed *yet another* request for reconsideration. He was forced to wait nearly *another year* for the determination, which finally came on August 13, 1997. This denial notice stated that the Social Security Act required that any widower's benefits to which plaintiff might be entitled must be off-set by two-thirds of the government pension he was receiving. It also stated that plaintiff did not satisfy any of the requirements for an exemption from this set-off, and that because two-thirds of his pension would exceed the amount of WIB to which he would have been entitled, he could not receive any benefits. Just six days later, plaintiff filed his second request for a hearing.

Another year would pass, however, before the agency addressed his application. On September 14, 1998, plaintiff appeared again, unrepresented, for his administrative hearing. On October 9, 1998, the ALJ issued a decision determining that the agency had properly offset plaintiff's government pension against his WIB. This became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review of the decision on December 9, 1999, *over seven years* after the plaintiff had filed his application.

Essentially, the court does not find nearly a decade of administrative misdealings to which plaintiff was subjected to be substantially justified at all. At nearly every step of the way, plaintiff was given wrong information. He was told he was granted benefits, when he was not. He was told he was receiving benefits, when he was not. At more than one point, he was led to believe the arduous application process was over or nearly over, when it was not.

Nor do we find the administrative decision, although it was incredibly long in the making, to be substantially justified. When the commissioner, through an ALJ, finally gave plaintiff a decision on his application, it was based on the fact that the law did not allow for consideration of contributions to a claimant's support other than financial contributions. This, however, was directly undermined by the commissioner's regulations which specifically called for consideration of not just financial contributions, but goods and services as well. Thus, the commissioner's 1999 decision on the plaintiff's 1992

4

application ignored the specific language of the commissioner's own regulations. In short, we cannot find the commissioner's prelitigation position was substantially justified. Therefore, while plaintiff is entitled to an award of attorney's fees and expenses under EAJA.

While we need not review the commissioner's litigation position, *Marcus,* 17 F.3d at 1037, we note that it is no more justified than the prelitigation position. The commissioner continues to rely on SSR 60-23. That ruling was issued twenty years before the applicable law was enacted; the commissioner characterizes that as "several" years. It was based on two regulations that no longer exist; the commissioner claims the ruling "continues to be the Agency's official interpretation of 'the regulation.'" The regulations at the time allowed for contributions in "cash or kind" that were "actually provided by the contributor from his own property or the use thereof, or by the use of his own credit," while the current regulation specifically allows for a contribution in "cash, goods, or *services.*" Surprisingly, the commissioner states that there was no significant change in the regulations since 1960. This is particularly surprising because the issue in this case was whether services could be considered as contribution to support. Thus, we also find the commissioner's litigation position was not substantially justified.

Beyond arguing against plaintiff's entitlement to fees, the commissioner calls into question certain billing entries in plaintiff's fee request. Specifically, he points entries of

1 hour filing the complaint, .75 hours for filing a motion, and .5 hours for receiving and signing a letter consenting to jurisdiction. Plaintiff does not respond to these criticisms.

Generally, courts disallow hours spent by attorneys "on tasks that are easily delegable to non-professional assistance." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999). As such, we will disallow the 1.75 hours plaintiff's attorney spent on filing. In addition, we agree with the commissioner that a half-hour seems a bit excessive for receiving and signing a consent to jurisdiction form and reduce that entry to .10 hour. As a result, the total award is adjusted to $3856.25.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for an award of attorney's fees and expenses under EAJA is hereby GRANTED.

ENTERED: /s/ Edward A. Bobrick
EDWARD A. BOBRICK
U.S. MAGISTRATE JUDGE

DATE: December 15, 2000